# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2022

Lyle W. Cayce
Clerk

No. 20-60243

PRINCE KNIGHT,

*Plaintiff—Appellant*,

*versus*

L. SHULTS, *Warden*; Z. LEE, *Food Service Administrator*; J. PAXTON, *Ass. FSA*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-34

Before SOUTHWICK, GRAVES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Prince Knight, federal prisoner # 27303-001, has filed a motion for authorization to proceed in forma pauperis (IFP) on appeal from the district court's order dismissing his complaint arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Religious

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Land Use and Institutionalized Persons Act (RLUIPA), and the Religious Freedom Restoration Act (RFRA).  By moving in this court to proceed IFP, he is challenging the district court's certification pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A) that any appeal would not be taken in good faith because, for the reasons relied upon in the final order and judgment, Knight will not present a nonfrivolous appellate issue.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Before this court, Knight argues chiefly that he is financially eligible to proceed IFP on appeal.  He also contends that the district court did not require the defendants to establish that the refusal to provide the items he requested for his religious ceremonial meal constituted the least restrictive means of furthering a compelling governmental interest, as was required for his claims under the RFRA.

Despite these arguments, Knight does not address the district court's conclusion that he failed to establish that the defendants' actions substantially burdened his ability to practice his religion, a threshold inquiry for the RFRA.  *See Diaz v. Collins*, 114 F.3d 69, 71-72 (5th Cir. 1997).  In addition, he does not challenge the district court's dismissal of his claims arising under *Bivens* or the RLUIPA.  His failure to challenges these rulings by the district court constitutes an abandonment of such claims.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The appeal is without arguable merit and is thus frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Because the appeal is frivolous, it is dismissed.  *See* 5TH CIR. R. 42.2.  The dismissal as frivolous of this appeal counts as a strike under § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).  Knight is warned that if he accumulates three

No. 20-60243

strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.